UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RENE HANNA,

                                  **Plaintiff,**

                   v.                              1:13-CV-371
                                                           (FJS)

COMMISSIONER OF SOCIAL SECURITY,

                                **Defendant.**
_____

**APPEARANCES**                                         **OF COUNSEL**

**OFFICE OF PETER M. MARGOLIUS**         **PETER M. MARGOLIUS, ESQ.**
7 Howard Street
Catskill, New York 12414
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **JASON P. PECK, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Rene Hanna brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying portions of her application for Disability Insurance Benefits ("DIB"). *See generally* Dkt. Nos. 1, 13. Currently before the Court are the parties' cross-motions for

judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 13, 14.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for DIB on October 15, 2007, alleging disability dating back to November 5, 1999. *See* Administrative Record ("AR") at 217-23. Plaintiff's application was denied; and, after a hearing, Administrative Law Judge Thomas Grabeel ("ALJ") issued an unfavorable decision on November 4, 2009. *See id.* at 83-93. The Appeals Council then reviewed Plaintiff's application and remanded to the ALJ. *See id.* at 100-02.

On remand, Plaintiff had a second hearing before the ALJ on August 2, 2011, at which a non-attorney representative represented her. *See* AR at 18. The ALJ then issued a partially favorable decision on October 5, 2011, in which he made the following findings "[a]fter careful consideration of all the evidence . . . ."

1) Plaintiff "last met the insured status requirements of the Social Security Act on December 31, 1999."
2) Plaintiff had not "engaged in substantial gainful activity since November 5, 1999, the alleged onset date."
3) "Prior to her date last insured [of] December 31, 1999, [Plaintiff] has no evidence of a medically determinable impairment. There is no evidence that [Plaintiff] suffered from any impairment, which had more than a minimal impact upon [her] ability to perform basic work activities for 12 consecutive months; therefore, [Plaintiff] did not have a severe impairment or combination of impairments."
4) "Beginning October 4, 2007, [Plaintiff] has had the following severe impairments: pituitary microadenoma, acromegaly, hypothyroidism, sleep apnea, possible Lyme's disease, depression, and bipolar disorder."
5) "Beginning October 4, 2007, [Plaintiff] has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
6) "After careful consideration of the entire record, the undersigned finds that, beginning October 4, 2007, [Plaintiff] had the residual functional capacity to sit for two hours; stand and walk for less than one hour; occasionally reach, push, pull, lift and carry 10 pounds; understand and execute simple job

instructions; maintain attention and concentration for brief periods; interact appropriately with co-workers, supervisors and the public; and make simple work-related decisions."
7) "Beginning October 4, 2007, [Plaintiff] has been unable to perform past relevant work."
8) Plaintiff "was born on October 30, 1961, and was 45 years old, which is defined as a younger individual, on October 4, 2007, the established disability onset date."
9) Plaintiff "has at least a high school education and is able to communicate in English."
10) Plaintiff "has not acquired work skills that are transferable to other occupations within the residual functional capacity defined above."
11) "Beginning on October 4, 2007, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are not a significant number of jobs in the national economy that the [Plaintiff] could perform."
12) Plaintiff "was not disabled prior to October 4, 2007, but became disabled on that date and has continued to be disabled through the date of this decision."
13) Plaintiff "was not under a disability within the meaning of the Social Security Act at any time through December 31, 1999, the date last insured."

*See* AR at 20-27 (citations omitted).

In support of her motion, Plaintiff challenges only the finding that there was no evidence that Plaintiff had a medically determinable impairment prior to her date of last insured of December 31, 1999. *See* Dkt. No. 13, Pl.'s Br., at 1.

### III. DISCUSSION

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). To be eligible for DIB, a claimant must show that she suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a

medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id.*
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do her past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, she is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform her past relevant work, the ALJ determines if she can perform other work, in light of her RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then she is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive disability benefits if she cannot perform any alternative gainful activity. *See id.*

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

At step two of the disability analysis, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). In order to be severe, an impairment or combination of impairments must "significantly limit[] your physical or mental ability to do basic work activities." *Id.* An impairment or combination of impairments fails to meet this standard when the evidence "establishes only a slight

abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, *3 (1985). During the step-two severity analysis, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated" and "symptom-related limitations and restrictions must be considered at this step of the sequential evaluation process . . . ." SSR 96-3p, 1996 WL 374181, *2 (July 2, 1996).

In this case, as noted, Plaintiff challenges the ALJ's finding that Plaintiff had no evidence of a medically determinable impairment prior to December 31, 1999, her date of last insured. Plaintiff argues that, notwithstanding the fact that her "actual medical records [dating before December 31, 1999] are unavailable because treating sources simply do not hold records for that length of time," the ALJ erred by declining to infer an earlier onset date from her more recent medical records. *See* Dkt. No. 13, Pl.'s Br., at 6. In support of this argument, Plaintiff quotes SSR 83-20 for the proposition that "'it is necessary to infer the onset date from the medical and other evidence'" when medical records are no longer available. *See id.* (quoting SSR 83-20). She further points to portions of the Administrative Record that, she argues, show that her severe impairments began prior to December 31, 1999. These include documentation of a psychiatric hospitalization in her twenties, a history of insomnia, treatment for depression at age 20, and a significant increase in her shoe size after her first pregnancy. *See* Dkt. No. 13 at 6-7.

The ALJ considered these arguments and rejected them. *See* AR at 21. In particular, he noted that Plaintiff "cites physician's treating notes" and Plaintiff's "subjective statements in which [she] notes that symptoms first began in her 20s." *See id.* Further noting the "[t]reating sources note that [Plaintiff's] symptoms purportedly began in 2000," the ALJ found that there was "no evidence that [Plaintiff] suffered from a *severe* impairment[] which began prior to her

date of last insured of December 31, 1999." *See id.* (emphasis added).  Indeed, many of the medical records Plaintiff cites reasonably could be read to support the conclusion that many of her symptoms began around the year 2000.  *See, e.g.*, AR at 433 (noting sleep disturbance for five years in 2005), 548 (noting recurrent depressive episodes for 7-8 years in 2008), 730 (noting insomnia, extreme anxiety, and extreme fatigue dating back to 2000 in 2010).

Thus, although Plaintiff's medical records do evidence that she received some treatment prior to December 31, 1999, the ALJ did not err by concluding that the record contained "no evidence that [Plaintiff] experienced *symptoms of such frequency, intensity or duration* prior to her date last insured as to have rendered [her] incapable of performing substantial gainful activity on a sustained basis."[1]  *See* AR at 23 (emphasis added); SSR 85-28, 1985 WL 56856, at *3.  Moreover, to the extent that Plaintiff points to evidence in the Administrative Record that reasonably might support a different conclusion in her favor, "whether there is substantial evidence supporting the appellant's view is not the question" on appeal.  *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (citations and footnote omitted).  For these reasons, the Court finds that substantial evidence supports the ALJ's finding in this respect.  *See Richardson*, 402 U.S. at 401.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

---

[1] Moreover, the Court notes that the ALJ properly analyzed the severity of Plaintiff's symptoms in light of their limiting effect on her ability to perform basic work activities and daily functioning.  *See generally* SSR No. 85-28, 1985 WL 56856; SSR No. 96-3p, 1996 WL 374181.

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 13, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 14, 2016
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge